# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **MILDRED J. CHAPMAN, et al.,** | § | |
| **Plaintiffs,** | § § § | |
| v. | § § | EP-09-CV-7-KC |
| **DELL, INC.,** | § § § | |
| **Defendant**. | § | |

## ORDER

On this day, the Court considered Defendant Dell, Inc.'s "Opposed Motion to Transfer Case to the Austin Division of the United States District Court for the Western District of Texas" ("Motion") (Doc. No. 55). For the reasons set forth herein, the Motion is **GRANTED** in part and **DENIED** in part.

## I.   BACKGROUND

On October 29, 2008, Plaintiffs filed a class-action complaint in the United States District Court for the Northern District of California on behalf of themselves and a class of current and former female employees of Defendant Dell, Inc. ("Defendant") and a class of current and former employees of Defendant over the age of forty. Original Case File ("File") (Doc. No. 49) at 10-11. The Complaint alleged gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), denial of equal pay for equal work based on sex and retaliation in violation of the Fair Labor Standards Act of 1938, as amended by the Equal Pay Act of 1963, 29 U.S.C. §§ 206, *et seq.*, age discrimination in violation of the Age Discrimination in Employment Act, 20 U.S.C. §§ 621, *et seq.*, and fraudulent

inducement. *Id.* at 55, 57, 59-62. Later that day, another class-action complaint against Defendant, alleging violations of Title VII, was filed in the United States District Court for the Western District of Texas, Austin Division; the latter case is currently assigned to Judge James R. Nowlin. *See* Compl. (Doc. No. 1) at 2, *Hubley v. Dell, Inc.*, No. 1:08-cv-804-JRN (W.D. Tex., Oct. 29, 2008) (hereinafter "Hubley case").

On November 14, 2008, Defendant filed a Motion to Transfer venue to the Western District of Texas. File at 142, 148. Plaintiffs and Defendant subsequently stipulated to such transfer, *id.* at 367, and the case was transferred to this Court on January 7, 2009. *See id.* at 1. On January 29, 2009, Defendant filed its Motion, requesting "an Order transferring this action to the Austin Division of the United States Court for the Western District of Texas with a recommendation that the Clerk's Office reassign the case [to Judge Nowlin]." Mot. 1. On February 23, 2009, Plaintiffs filed their "Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue to the Austin Division" ("Response") (Doc. No. 58); and on March 3, 2009, Defendant filed its "Reply in Further Support of Opposed Motion to Transfer Case to the Austin Division of the United States District Court for the Western District of Texas" ("Reply") (Doc. No. 62).

## II. DISCUSSION

Defendant moves for transfer pursuant to both the mandatory-transfer provision of 28 U.S.C. § 1406(a) and the discretionary-transfer provision of 28 U.S.C. § 1404(a). The Court will analyze each in turn.

### A. Transfer Pursuant to 28 U.S.C. § 1406(a)

Defendant first argues that the Court must transfer this case from the El Paso Division of

the Western District of Texas to the Austin Division. Mot. 3-5. Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue *in the wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Accordingly, § 1406(a) applies if the El Paso Division is the wrong division for this case.

### a. Title VII

Defendant argues that venue in the El Paso Division is improper under Title VII.[1] Title VII's venue provision states:

> [An action under Title VII] may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]

42 U.S.C. § 2000e-5(f)(3).

The El Paso Division is not the wrong venue under Title VII. Defendant argues – and Plaintiffs do not dispute – that the facts pertinent to this case occurred in and the relevant employment records are maintained in Defendant's headquarters in Round Rock, Texas, which is in the Austin Division of the Western District of Texas. Mot. 3; *see also* "Declaration of Richard Bye in Support of Opposed Motion to Transfer Case to the Austin Division of the United States District Court for the Western District of Texas" ("Bye Declaration") (Doc. No. 55-3) at 2; "Declaration of Craig Briscoe in Support of Opposed Motion to Transfer Case to the Austin Division of the United States District Court for the Western District of Texas" ("Briscoe Declaration") (Doc. No. 55-4) at 1-2. Under the plain language of Title VII, then, venue is

---

[1] Defendant does not challenge statutory venue pursuant to Plaintiffs' other causes of action.

-3-

proper in any district in Texas. *See* 42 U.S.C. § 2000e-5(f)(3) (referring, in the disjunctive, to any district in state); *see also Adams v. Cal-Ark Int'l, Inc.*, 159 F. Supp. 402, 409 (E.D. Tex. 2001) ("venue is appropriate in any district in the state in which the unlawful employment practices occurred"). If venue is proper in any district in Texas, it is a fortiori proper in any division of the Western District of Texas. *See Says v. M/V David C Devall*, 161 F. Supp. 2d 752, 753 (S.D. Tex. 2001) (when venue statute refers to districts rather than divisions, venue is proper in all divisions of proper district). Accordingly, venue is proper in the El Paso Division.

### b. Forum-Selection Clause

Defendant next argues that mandatory forum-selection clauses in Plaintiffs' signed Employment Agreements, which provide that "all disputes will be resolved in Travis County, Texas,"[2] make the El Paso Division the wrong venue for this case. Mot. 4; *see also id.* Ex. A at 3; *id.* Ex. B. at 3; *id.* Ex. C. at 3; *id.* Ex. D at 3.

Before deciding the effect of the forum-selection clauses on venue in the El Paso Division, the Court must first decide whether the clauses are enforceable. A forum-selection clause is presumptively enforceable unless a party clearly shows that the clause is "unreasonable under the circumstances." *Haynsworth v. The Corp.*, 121 F.3d 956, 962-63 (5th Cir. 1997) (quoting *M/S Bremen et al. v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). A forum-selection clause may be unreasonable where:

> (1) [T]he incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) [T]he party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) [T]he fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) [E]nforcement of the forum selection clause would contravene a strong public policy of the forum [].

---

[2] Travis County, Texas is located in the Austin Division.

*Id.* at 963 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). Further, the "[f]raud and overreaching must be specific to a forum selection clause in order to invalidate it." *Id.* (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)).

The forum-selection clauses in Plaintiffs' Employment Agreements are enforceable. The applicable law in the Austin and El Paso Divisions is identical, and enforcement of the clauses would not contravene any public policy of the El Paso Division. The named Plaintiffs do not currently live in either the Austin or El Paso Divisions, *see* Resp. Exs. E-J, and do not suggest that they will be deprived of their day in court if the case is transferred to the Austin Division. Finally, Plaintiffs provide no evidence that the forum-selection clauses were the product of fraud or coercion; they only state that the Agreements were non-negotiable. Resp. 3. This fact alone is not enough, as the presumption that a forum-selection clause is reasonable "applies to form contracts containing a choice of forum provision." *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1999) (citing *Carnival Cruise Lines*, 499 U.S. at 592-93). Moreover, Plaintiffs make no arguments "specific to [the] forum selection clause[.]" *Haynsworth*, 121 F.3d 963. Because Plaintiffs have not shown that their Agreements' forum-selection clauses are unreasonable, those clauses are enforceable.

Plaintiffs' argument that forum selection clauses are categorically unenforceable in Title VII cases is unavailing. *See* Resp. 10-11. The Fifth Circuit has made clear that "[a] forum selection provision in a written contract is *prima facie* valid and enforceable," *Kevlin Servs.*, 46 F.3d at 15, has set forth the factors that courts are to consider in determining their enforceability, *see Haynsworth*, 121 F.3d at 963, and has not excepted Title VII suits from that analysis. To hold that forum-selection clauses are automatically unenforceable in all Title VII cases would

both contradict the presumption of enforceability and preclude any fact-specific analysis. *See Haynsworth*, 121 F.3d at 962 ("this court and others have not hesitated to apply [] federal enforceability standards in [federal question] cases") (footnote omitted). Because a bright-line rule declining to enforce a broad category of forum-selection clauses is at odds with Fifth Circuit precedent, this Court declines to adopt one here.[3]

Although the forum-selection clauses in Plaintiffs' Agreements are enforceable, transfer under § 1406(a) is not appropriate unless the clauses render this Court "the wrong division or district" for this case. 28 U.S.C. § 1406(a). "There is disagreement among the courts of appeal . . . over whether a valid forum selection clause that mandates venue in another federal [division] can render venue improper in the original [division] even when the case otherwise could have been brought in that [division] under the applicable venue statutes." 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3803.1 (2d ed. 1995); *compare Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 546 (6th Cir. 2002) ("forum selection clauses do not dictate the forum"), *with Salton, Inc. v. Philips Domestic & Pers Care B.V.*, 391 F.3d 871, 881 (7th Cir. 2004) ("a forum-selection clause is a substitute for the legal rules governing venue"). The Fifth Circuit has not decided this issue. *See Youngblood v. JTH Tax Servs., Inc.*, No. SA: 06-CA-380-XR, 2006 U.S. Dist. LEXIS 49478, at

---

[3] For this reason, this Court declines to follow two district court cases cited by Plaintiffs which announced a bright-line rule that forum-selection clauses are invalidated by Title VII's venue provision in all cases. *See Thomas v. Rehab. Servs. of Columbus, Inc.*, 45 F. Supp. 2d 1375, 1381 (M.D. Ga. 1999); *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 961 (M.D. Tenn. 2008). Those cases have never been "expressly followed in [their] holding by any other district court." *Kyphon*, 578 F. Supp. at 961. Further, the bright-line rule announced in those cases was not necessary to their result, as both courts held that transfer was unwarranted even if the forum-selection clause was enforceable. *See Thomas*, 45 F. Supp. 2d at 1379 ("it is entirely appropriate to exercise this Court's lawful discretion to deny [defendant's] motion [to transfer]"); *Kyphon*, 578 F. Supp. at 961 ("whether the forum-selection provision is enforceable or not, public-policy considerations permit this Court to exercise its discretion to deny the motion to transfer").

*7 (W.D. Tex., July 17, 2006); *Se. Consulting Group, Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 683 (S.D. Miss. 2005). However, several district courts in the Fifth Circuit have enforced a forum-selection clause designating a specific federal forum by transferring to that federal forum pursuant to the discretionary-transfer provision of 28 U.S.C. § 1404(a) rather than holding that venue is improper in the transferor court and transferring under § 1406(a). *See, e.g.*, *Youngblood*, 2006 U.S. Dist. LEXIS 49478, at *8; *Dorsey v. N. Life Ins. Co.*, No. Civ. A. 04-0342, 2004 U.S. Dist. LEXIS 22443, at *38-39 (E.D. La. Nov. 4, 2004); *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 671 (S.D. Tex. 2003). This Court elects to do the same. Defendant has alternatively moved for transfer under § 1404(a) and the Court ultimately concludes that such transfer should be granted. For this reason, the Court need not decide the unresolved question of whether the parties' forum-selection clause renders venue improper in the El Paso Division and whether § 1406(a) therefore applies.

### B. Transfer Pursuant to 28 U.S.C. § 1404(a)

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[4] The decision to effect transfer under § 1404(a) is committed to the discretion of the district court. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). In addition to the factors set forth in the statutory text, the Fifth Circuit has instructed courts to also consider a non-exhaustive and non-exclusive list of public and private interest factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for

---

[4] As explained in the Section of this Order discussing Title VII's venue provision, this case might have been brought in the Austin Division.

willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (quotations omitted).

Plaintiffs argue that the Court should deny transfer because they prefer to litigate in the El Paso Division. Resp. 7. In considering discretionary transfer, "courts should normally defer to [a] plaintiff's choice of forum." *Martinez v. City of Fort Worth*, No. 3:02-CV-2286-M, 2003 U.S. Dist. LEXIS 8949, at *2 (N.D. Tex. May 28, 2003) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). Nevertheless, if a party "demonstrates that the transferee venue is clearly more convenient, it has shown good cause [to override a plaintiff's choice] and the district court should therefore grant the transfer." *Volkswagen*, 545 F.3d at 315.

In determining whether Defendant has shown good cause, the Court notes that the normal deference Plaintiffs' choice of forum would receive is tempered in this case for several reasons. First, Plaintiffs do not live in the El Paso Division. *See Jam Strait, Inc. v. Am. Prods. Co., Inc.*, No. 02-2055, 2002 U.S. Dist. LEXIS 18956, at *5 (E.D. La. Oct. 4, 2002) (when "plaintiff has not brought suit on its 'home turf' . . . the quantum of inconvenience to defendant needed to tip the balance in favor of transfer is concomitantly reduced") (quotation omitted). Second, deference is "lessened [because] the operative facts of the dispute occur[ed] outside the plaintiff's chosen forum." *Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F. Supp. 375, 383 (W.D. La. 1996). Here, Plaintiffs do not dispute Defendant's contention that they and their managers worked at Defendant's headquarters in the Austin Division. Mot. 8. In fact, when the basis for a plaintiff's claim arises in a defendant's "principal place of business, [that factor] is

often the critical and controlling consideration in adjudicating transfer of venue motions." *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005) (quotation omitted). Given Plaintiffs' lack of personal connection to the El Paso Division and the absence of a factual connection to the El Paso Division, the "plaintiff's choice of forum carries very little significance if other facts weigh in favor of transfer." *Empty Barge Lines II, Inc. v. Higman Barge Lines, Inc.*, 441 F. Supp. 2d 786, 798 (E.D. Tex. 2006) (quotation omitted). Finally, as discussed *infra*, Plaintiffs arguments are contradicted by valid forum-selection clauses providing for venue in the Austin Division.

Weighed against this reduced level of deference, Defendant has shown good cause for transfer. Defendant has first shown that the Austin Division is a more convenient forum for the parties. The Austin Division is clearly more convenient for Defendant, as it is the site of Defendant's headquarters; on the other hand, Plaintiffs merely state that "it is [] equally convenient" to travel to Austin or El Paso." Resp. Ex. E at 3; *id*. Ex. F at 2; *id.* Ex. G. at 2; *id.* Ex. H at 2; *id.* Ex. I at 2.[5] Because the Austin Division is equally convenient for nearly all Plaintiffs but more convenient for Defendant, it is on balance a more convenient forum for the parties.

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in a motion under § 1404(a)." *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994) (citations omitted). Defendant does not provide any specific

---

[5] A single Plaintiff states that it is more convenient for her to make a "six and a half hour drive from Surprise, AZ to El Paso" than a "fifteen hour[] drive to Austin." *Id.* Ex. J at 2. The Court notes that two other Plaintiffs facing the opposite situation – a longer drive to El Paso than to Austin – believe it is "equally convenient" to drive to Austin or fly to El Paso. *Id.* Ex. F at 2; *id.* Ex. G at 2. Nevertheless, a single Plaintiff's estimated driving time does not tip the balance of § 1404(a) factors in Plaintiffs' favor.

witnesses who reside in the Austin Division and Plaintiffs do not provide any witnesses who reside in the El Paso Division. Because Plaintiffs' choice of forum is entitled to at least some deference, the Court will assume the unlikely proposition that *none* of the potential witnesses are currently residing near Defendant's headquarters. If that is the case, this factor favor neither party. *See Shaw Group v. Versus Natkin & Co.*, 907 F. Supp. 201, 205 (M.D. La. 1995) ("The convenience of the witnesses favors neither [forum], as witnesses are scattered across the country.").[6] Similarly, neither party has shown that either potential forum would provide easier access to sources of proof. Because Plaintiffs prefer to litigate in the El Paso Division, however, and because "access to sources of proof presents a lesser inconvenience now that it might have absent recent developments," *Volkswagen*, 545 F.3d at 317, the Court will again assume that access to sources of proof favors neither party. Nevertheless, "[t]aking into account all other practical problems that make trial of a case easy, expeditious and inexpensive," *id*. at 314, the forum where Defendant is headquartered and where the facts of this case took place is much more likely than the El Paso Division to eventually minimize the inconvenience to all involved. This factor favors Defendant. Because convenience to the parties and the practicalities of the case favor Defendant and no private interest factors favor Plaintiffs, the private interest factors favor Defendant.

The public interest factors also favor Defendant. The docket congestion of the Austin and El Paso Divisions does not strongly favor either party: The El Paso Division has fewer civil filings but more criminal filing than the Austin Division. *See generally* Resp. Ex. M (filing statistics for Western District of Texas in 2007). The local interest in having localized

---

[6] For the same reason, the relative availability of compulsory process to secure attendance of non-party witnesses and the cost of attendance for willing witnesses favors neither party.

controversies decided at home strongly favors the Austin Division because Defendant is headquartered in the Austin Division and none of the parties or facts have any connection to the El Paso Division. Finally, in a transfer between divisions within the same federal district, familiarity with applicable law and possible conflicts of law are non-factors. As the only public interest factor favoring either party – local interest – favors Defendant, the public interest factors on balance favor Defendant.

Under § 1404(a), a transfer must also be "in the interest of justice." "[I]t is well established that the interest of justice is a factor . . . to be considered on its own and is an extremely important one." 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3854 (2d ed. 1995); *see, e.g.*, *Beck v. Koppers, Inc.*, No. 3:04CV160-P-D, 2009 U.S. Dist. LEXIS 11632, at *8 (N.D. Miss. Jan. 29, 2009) (interest of justice not served when "case would be separated into twelve separate trials" by transfer); *FDIC v. White*, No. 3:96-CV-0560-P, 1998 U.S. Dist. LEXIS 3020, at *15 (N.D. Tex. Mar. 5, 1998) (interest of justice not served by transfer when "the court – and the parties – have expended considerable time and resources on the case"). The only issue Plaintiffs have identified which would separately affect the interests of justice is the existence of the Hubley case pending in the Austin Division.

Plaintiffs seek to consolidate the Hubley case and this case in the El Paso Division. *See* Resp. 9. Defendant seeks to transfer this case to the Judge presiding over the Hubley case. *See* Mot. 1. Finally, the Hubley plaintiffs, proceeding as amici before this Court, unequivocally state that they oppose consolidation. *See* Opp'n to Mot. to Stay or Transfer (Doc. No. 64) at 10 ("The Hubley Plaintiffs . . . oppose consolidation"). Whether the interests of justice are served by

consolidating this case with the Hubley case is a separate inquiry from whether the interests of justice are served by proceeding with this case in the El Paso Division. As to the latter, they are not. If this case should be consolidated, it should be consolidated in the Austin Division; if it should not, it should be separately heard in the Austin Division. Accordingly, this Court will grant neither Plaintiffs' request to transfer the Hubley case to this Court nor Defendant's request to transfer this case to Judge Nowlin. How the case should proceed in the Austin Division is best left to be resolved in the Austin Division.[7]

Finally, the presence of an enforceable forum-selection clause providing for venue in the Austin Division tips the balance overwhelmingly in favor of transfer. As no other factors weigh in favor of this case remaining in the El Paso Division, "the forum selection clause, while not controlling, is the most dispositive factor in the Court's decision." *Arkel Int'l, L.L.C. v. Parsons Global Servs.*, No. 07-474-FJP-DLD, 2008 U.S. Dist. LEXIS 1624, at *21-22 (M.D. La. Jan. 8, 2008) (quoting *Berg v. Sage Envtl. Consulting of Austin, Inc.*, 381 F. Supp. 2d 552, 557 (M.D. La. 2005)); *see also Stone & Webster Constr., Inc. v. E-J Elec. Installation Co.*, No. H-06-2426, 2006 U.S. Dist. LEXIS 76897, at *5-6 (S.D. Tex. Oct. 6, 2006) ("presence of a valid forum selection clause alters [the] presumption [of] defer[ence] to plaintiff's choice of forum") (citing *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989); *ABC Rental Sys., Inc. v. Colortyme, Inc.*,

---

[7] That this case was filed before the Hubley case does not affect this Court's decision. Under the "first-to-file" rule, when two related cases are pending in different federal courts, the later-filed case should defer to the earlier-filed case. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). It is a threshold question whether the cases here are related such that the rule applies; that question is again best left to the Austin Division. Assuming arguendo that the first-filed rule does apply, it only requires that "the court initially seized of a controversy [] be the one to decide whether it will try the case." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). It does not require that this Court decide against transfer. *See, e.g.*, *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 n.1 (Court with second-filed case may stay case "to permit the court of first filing to rule on a motion to transfer. If that court transfers the first-filed action, the stay could be lifted and the actions consolidated.").

893 F. Supp. 636, 639 (E.D. Tex. 1995)). Because an enforceable forum-selection clause mandates venue in the Austin Division and all other § 1404(a) factors are either neutral or weigh in favor of transfer to the Austin Division, this Court concludes that such transfer is an appropriate exercise of its discretion.

## III. CONCLUSION

For the reasons outline above, Defendant's "Opposed Motion to Transfer Case to the Austin Division of the United States District Court for the Western District of Texas" **(Doc. No. 55)** is hereby **GRANTED** in part and **DENIED** in part.

Accordingly, **IT IS HEREBY ORDERED** that the above-captioned cause be **TRANSFERRED** to the Austin Division of the United States District Court for the Western District of Texas. Pursuant to the most recent Order Assigning Business of the Court, the Clerk shall credit this case to the percentage of business of the receiving Judge.

**SO ORDERED**.

**SIGNED** on this 15th day of April, 2009.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE